IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| Plaintiff, | § § | |
| VS. | § § | |
| COURTNEY M. TISCHENDORF | § § | NO. 3-10-CV-2078-G-BD |
| Defendant, | § § | |
| and | § § | |
| TEACHER RETIREMENT SYSTEM OF TEXAS | § § § | |
| Garnishee. | § § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Teacher Retirement System of Texas ("TRS") has filed a motion to quash a writ of garnishment issued by the clerk at the request of the government as part of its efforts to collect a criminal restitution judgment against Defendant Courtney M. Tischendorf. For the reasons stated herein, the motion should be denied.

I.

On February 27, 2006, defendant was convicted of misapplication of federally insured bank funds and sentenced to 33 months confinement. (*See* Gov't Resp. App. at 001-02). The district court also ordered defendant to pay restitution to Wells Fargo Bank in the amount of $219,930.47, plus interest. (*Id.* at 003). As of December 3, 2010, defendant had made restitution payments totaling $10,692.00, leaving an outstanding judgment balance of $256,586.94. (*Id.* at 005). In an effort to

collect this sum, the government sought and obtained a writ of garnishment against defendant's community property interest in a retirement account with TRS held by her former husband, Mark A. Tischendorf ("Mark").

TRS and defendant were served with the writ of garnishment and notified of the procedures for filing objections and claiming exemptions. On November 24, 2010, TRS filed an answer and objections to the writ. In its answer, TRS admits that Mark has a current balance of $11,282.02 in a retirement account, but objects to the garnishment of those funds without a qualified domestic relations order establishing the extent of defendant's community property interest in the account. Alternatively, TRS contends that any garnishment should be limited to 25% of Mark's monthly annuity payments. TRS makes similar arguments in a motion to quash the writ of garnishment filed on March 3, 2011.[1] The issues have been fully briefed by the parties, and this matter is ripe for determination.

II.

The United States may enforce a judgment imposing a criminal fine or restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a) & (f). One such procedure is a writ of garnishment under the Federal Debt Collection Practices Act ("FDCPA"), 28 U.S.C. § 3205. This statute provides, in pertinent part:

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody or control

---

[1] TRS also argues that the government has failed to show that "not less than 30 days has elapsed since demand on the debtor or payment of the debt was made and the judgment debtor has not paid the amount due," as required by 28 U.S.C. § 3205. In its response, the government points out that demand letters were sent to defendant on January 12, 2007 and March 4, 2009 -- more than 30 days before this action was filed. (*See* Gov't Resp. App. at 006-07). TRS offers no further argument on this issue in its reply.

> of a person other than the debtor, in order to satisfy the judgment against the debtor. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located[.]

*Id.* § 3205(a). Here, the property subject to garnishment -- defendant's community property interest in retirement funds held by TRS for her former husband -- is located in Texas. (*See* TRS Mot. App., Exh. A at 1, ¶ 4). The court therefore applies Texas law to determine how much, if any, of Mark's earnings can be used to satisfy the criminal restitution judgment against defendant.

Under Texas law, marital property is classified as either separate property or community property. "Separate property" includes all property a person acquires before marriage, by gift, devise, or descent, and recovery for personal injuries. *See* TEX. CONST. art. 16, § 15; TEX. FAM. CODE ANN. § 3.001 (Vernon 2006). Community property is "property, other than separate property, acquired by either spouse during marriage." TEX. FAM. CODE ANN. § 3.002. All property acquired during marriage is presumed to be community property, *see id.* § 3.003(a), with each spouse owning an undivided one-half interest in all community assets. *See United States v. Loftis*, 607 F.3d 173, 178 (5th Cir. 2010) (applying Texas law). Community property is characterized as "solely managed" or "jointly managed." "Solely managed community property" is property that a spouse would have owned if he or she were single, including: (1) personal earnings; (2) revenue from separate property; (3) recoveries for personal injuries; and (4) the increase and mutations of, and the revenue from, all property subject to the spouse's sole management, control, and disposition. *See* TEX. FAM. CODE ANN. § 3.102(a). Community property that is not the solely managed property of one spouse is "jointly managed community property." *See id.* § 3.102(c). With limited exceptions not relevant here, a spouse's solely managed community property is not subject to "any nontortious liabilities that the other spouse incurs during marriage." *Id.* 3.202(b). More particularly, solely managed

community property in a Texas public retirement system account, such as TRS, is "not subject to any claim for payment of a criminal restitution judgment entered against the nonparticipant spouse except to the extent of the nonparticipant spouse's interest as determined in a qualified domestic relations order under [Texas law]." *Id.* § 3.202(e).

A.

Defendant was married to Mark A. Tischendorf from November 2002 until they divorced in January 2009. (*See* Gov't Resp. App. at 018). During their six-year marriage, Mark was employed by the Azle Independent School District and contributed part of his salary to fund a retirement account with TRS. (*See id.* at 017). Because the retirement funds were acquired while Mark and defendant were married, they are presumed to be community property. *See Dewey v. Dewey*, 745 S.W.2d 514, 518 (Tex. App. -- Corpus Christi 1988, writ denied) (retirement benefits accrued during marriage constitute community property). However, the funds at issue are Mark's *solely managed* community property, which generally cannot be used to satisfy a criminal restitution judgment against a nonparticipant spouse without a qualified domestic relations order establishing the amount of the spouse's community property interest in the account. *See* TEX. FAM. CODE ANN. § 3.202(e).

Unlike ordinary creditors, the federal government may reach a defendant's interest in solely managed community property without a qualified domestic relations order. *See United States v. DeCay* 620 F.3d 534, 543 (5th Cir. 2010). The Mandatory Victims Restitution Act makes a restitution order, such as the one entered against defendant, enforceable to the same extent as a tax lien. 18 U.S.C. § 3613(c); *see also United States v. Armstrong*, No. 3-04-CV-1852-H, 2005 WL 937857 at *3 (N.D. Tex. Apr. 21, 2005), *rec. adopted*, 2005 WL 1214699 (N.D. Tex. May 20, 2005) (noting that collection of federal criminal fines and restitution orders are treated as delinquent tax debts). With respect to tax liens, the Fifth Circuit has held that state law exemptions are not effective

against the United States. *See Medaris v. United States*, 884 F.2d 832 833-34 (5th Cir. 1989). Thus, the government is entitled to garnish defendant's one-half interest in Mark's solely managed community property, including his TRS retirement account. *See, e.g. DeCay*, 620 F.3d at 543 (federal law preempts state law precluding enforcement of restitution order against pension benefits); *Loftis*, 607 F.3d at 179, n.7 (affirming district court ruling that federal government can garnish defendant's one-half interest in any community property solely managed by spouse, including retirement savings account); *Medaris*, 884 F.2d at 834 (state law exemptions not effective against the United States).

Nor is the government required to obtain a qualified domestic relations order establishing the amount of defendant's community property interest in the TRS account. Like other state laws, the requirements of Section 804.003(f) of the Texas Government Code do not apply to federal garnishment proceedings to collect a criminal restitution judgment.[2] *See DeCay*, 620 F.3d at 543.

B.

Alternatively, TRS contends that any garnishment should be limited to 25% of Mark's monthly annuity payments. In support of that argument, TRS relies on *DeCay*, wherein the Fifth Circuit held that monthly pension benefits paid to a retiree are "disposable earnings" under the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1673(a), and subject to a 25% limitation on garnishment. *See id.* at 543. However, the holding in *DeCay* applies only to retirees who currently receive monthly pension benefits. *Id.* Not only does Mark not receive monthly payments from his TRS retirement account, but he is entitled to terminate the account and withdraw the balance of his funds, subject to withholding 20% for taxes. (*See* TRS Mot. at 5, ¶ 11). Under these

---

[2] Under Texas law, a qualified domestic relations order must, *inter alia*, "clearly specif[y] the amount or percentage of the member's or retiree's benefits to be paid by a public retirement system to each such alternate payee or the manner in which such amount or percentage is to be determined[.]" TEX. GOV'T CODE ANN. § 804.003(f)(2) (Vernon 2004).

circumstances, the 25% limitation on garnishment does not apply. *See DeCay*, 620 F.3d at 545 n.11 (fact that defendant had the option to either cash-out his retirement account or wait and receive future monthly benefits allowed the United States to seek an order compelling the garnishee to cash-out benefits).

### **RECOMMENDATION**

TRS's motion to quash [Doc. #30] should be denied. TRS should be required to withhold and retain defendant's one-half community property interest in the retirement funds held for Mark A. Tischendorf pursuant to the writ of garnishment issued on October 19, 2010.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 17, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE